UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLISON GRAHAM , | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action 26-cv-11189-IT |
| | * | |
| DCF, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM AND ORDER**

August 14, 2026

TALWANI, D.J.

Plaintiff Allison Graham ("Plaintiff"), proceeding *pro se*, has filed a Complaint [Doc. No. 1], Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], and Motion to Amend Complaint [Doc. No. 4]. This action appears to concern Plaintiff's interactions with the Commonwealth's Department of Children and Families ("DCF"), state courts, law enforcement, and others, concerning physical custody of her daughter ("Daughter"). For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, DISMISS this action, and DENY without prejudice the motion to amend.

## I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], the court concludes that Plaintiff has adequately demonstrated she is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

## II. Review of the Complaint

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of her Complaint and dismiss the pleading if it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The court construes Plaintiff's pleading liberally because she is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### A. Plaintiff's Complaint

Plaintiff prepared her complaint by using a form complaint offered by the Administrative Office of the United States Courts for the convenience of *pro se* litigants. Plaintiff identifies DCF, "Section 8 HUD," "Social Services," and "Public Defender's Office" as defendants. [Doc. No. 1 at 2-3]. However, in the field of the form in which the litigant is directed to briefly state the facts of her claim by "describ[ing] how each defendant was personally involved in the wrongful alleged action, along with the dates and locations of all relevant events," Plaintiff did not write anything. Id. at 4. In addition, Plaintiff left blank the fields in which the litigant is directed to describe her injuries and the relief she seeks. Id. at 5. In short, other than identifying the defendants, Plaintiff did not provide any information in her complaint concerning the claim.

Plaintiff did attach to the complaint sixty three pages of various documents, including news articles, state court documents, and communications with and reports from DCF. [Doc. Nos. 1-3 through 1-7]. Among other things, these documents appear to indicate that (1) Plaintiff's Daughter was born in 1999; (2) on August 24, 2011, the Probate Court ordered that Daughter's father have sole physical and legal custody of Daughter; (3) in 2013, Plaintiff was charged with violating an abuse prevention order prohibiting Plaintiff from contacting Daughter, which proceeding was continued without a finding in 2015 at the termination of Plaintiff's probation; and (4) Plaintiff's Social Security benefits stopped in 2012 and restarted in 2022.

[Doc. No. 1-3 at 30-32, 35-41]. The attachments to the complaint also include a nine-page typed, single-spaced document that appears to be Plaintiff's narrative of numerous events in Plaintiff's life, including her childhood, interactions with family members as an adult, interactions with Daughter's father, parenting challenges, the abuse prevention order, and her mental health. [Doc. No. 1-7 at 1-9]. At the end of this document, Plaintiff states that she wishes to hold her sister, Daughter's father, and Daughter's foster mother Kim Davis liable for violations of Plaintiff's constitutional rights. Id. at 9.

**B. Motion to Amend**

In her Motion to Amend [Doc. No. 4], Plaintiff states that she "wishes to add" as defendants her sister, Daughter's father, Davis,[1] and a DCF employee who was assigned to Daughter's case "to present a clear, persuasive case with evidence." Id. at 1. The motion to amend consists of a nine-page single-spaced typed narrative of the alleged misconduct of these four individuals and 388 pages of exhibits.

**C. Discussion**

**1. Standard of Review**

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief'" Fed. R. Civ. P. 8(a)(2). The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "fundamental purpose" of this pleading rule "is to protect a defendant's

[1] In this motion, Plaintiff identifies Davis as Daughter's paternal grandmother. Id. at 1.

inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)).

In determining whether the complaint provides a defendant adequate notice of the plaintiff's claim and shows that the plaintiff is entitled to relief, the court only considers "well-pleaded" factual allegations. In other words, allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A complaint must "contain sufficient factual matter, accepted as true" which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. to state a plausible claim for relief. Id. at 678.

**2. "Short and Plain Statement of the Claim"**

As a threshold matter, Plaintiff's complaint does not contain a "short and plain statement of [her] claim." As noted above, Plaintiff did not include on the form she used for her complaint any information concerning her claim except for identification of the defendants. Although the exhibits to the complaint contain alleged conduct by some of the defendants, it is the plaintiff's responsibility to clearly identify the defendants' alleged misconduct so that each defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 540 U.S. at 555; see also Miranda v. United States, 105 F. App'x 280, 281 (1st Cir. 2004) ("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." (quoting 5

Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, at 522 (2d ed. 1990))). Even the narratives in the exhibit to the complaint [Doc. No. 1-7] and the motion to amend [Doc. No. 4] contain such a large amount of extraneous material that "it [would] be unreasonable to expect Defendants . . . to frame a response to [the pleadings]." Riddick v. Bos. Hous. Auth., No. 22-1557, 2023 WL 7806973, at *1 (1st Cir. June 20, 2023) (affirming dismissal based on failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a)).

**3. Statute of Limitations**

More significantly, even if the complaint contained a "short and plain" statement of her claim, Plaintiff is not entitled to relief because her claims are time-barred. Although the pleading rules of the Federal Rules of Civil Procedure do not require a plaintiff to plead facts to avoid potential affirmative defenses, such as the statute of limitations, "[i]f the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." Bock v. Jones, 549 U.S. 199, 215 (2007).

Plaintiff does not identify specific causes of actions, but the court cannot discern any theory of liability which would support a claim that would not be barred by the statute of limitations. Claims under 42 U.S.C. § 1983 ("§ 1983"), which provides a right of action against state actors who violated the federal rights of a litigant, and any state tort claims for personal injury are subject to a three-year statute of limitations.[2] In other words, Plaintiff had three years from the time her claims accrued to bring a lawsuit thereon. Her § 1983 claims or state tort law claims accrued when she knew or had reason to know of the defendants' alleged misconduct.

[2] A § 1983 claim borrows the appropriate state governing limitations and tolling rules unless contrary to federal law, see Wilson v. Garcia, 471 U.S. 261, 267 (1984); Ouellette v. Beaupre, 977 F.3d 127, 135 (1st Cir. 2020), and the three-year statute of limitations prescribed by M.G.L. ch. 260, § 2A governs here, see Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003).

See Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003).

Plaintiff commenced this action on March 9, 2026. Thus, for the case to be timely filed, her claims could not have accrued prior to March 9, 2023. Nothing in Plaintiff's filings indicates that her claims accrued on or after March 9, 2023. To the contrary, Plaintiff complains of events concerning the custody of a child who is now twenty-six years old. Based on the exhibits to the complaint, it appears that the most recent event concerning Plaintiff's claims occurred eleven years ago, in 2015, when the criminal action against her for violation of the abuse prevention order was continued without a finding. [Doc. No. 1-3 at 41].[3]

Because it is clear that allowing Plaintiff to file an amended complaint would not overcome the statute of limitations, the court will dismiss this action. See Gonzalez–Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (stating that *sua sponte* dismissal without leave to amend is appropriate "where it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile").

## III. Conclusion

In accordance with the foregoing, the court hereby orders:

1. The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is GRANTED.
2. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
3. The Motion to Amend [Doc. No. 4] is DENIED as moot.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: August 14, 2026

[3] Nothing in Plaintiff's filings suggest that an applicable doctrine of equitable tolling would have stayed the running of the clock on the statute of limitations to the point that this action would be timely.